IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW KEITH MCBRIDE, #12073357, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-0833-B-BK |
| | § | |
| DEPUTY RAUL REYNA, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a pretrial detainee at the Dallas County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, against Dallas County Sheriff Deputies Raul Reyna and K. Samet, Sheriff Lupe Valdez, and District Attorney Craig Watkins. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed as frivolous.

**I. BACKGROUND**

Plaintiff's *Amended Complaint* and *Answers to the Magistrate Judge's Questionnaire* allege that, on November 2, 2012, Defendants Reyna and Samet arrested Plaintiff following a high speed chase, and Plaintiff was charged with evading arrest based on a "malicious police report" prepared by Samet. (Doc. 8 at 4). In support of his allegations, Plaintiff avers:

> I was chasing the truck with my exwife and kids said to be taken hostage for her role to help detain cartel members. Documents can be obtained to prove her involvement and Raul Reyna her brother know this as well because he spoke to the agents in Panola [C]ounty on 01/18/2011 about the issue. Point being the bogus/malicious charges kept my side of the story being heard by anyone.

(Doc. 12 at 1). According to Plaintiff, Samet prepared the "malicious police report" following conversations with Reyna. (Doc. 8 at 4). Plaintiff contends that Reyna, his former brother-in-law, "violated conflict of interest policy" and engaged in "official misconduct" by accessing

1

Plaintiff's phone calls and reporting their content to Reyna's sister. (Doc. 8 at 3; Doc 12 at 4). He also suggests that Reyna and Samet conspired to conceal the truth about the incident leading to Plaintiff's arrest. (Doc 8 at 3; Doc. 12 at 3, 5).

Plaintiff contends that Defendants Valdez and Watkins have failed to acknowledge his complaints against Reyna and Samet. (Doc. 8 at 3). Specifically, he acknowledges that he only named Valdez as a defendant in this action "because she is the sheriff over both Reyna and Samet. She decides how to handle their misconduct. She has personally not taken part in their misconduct to the best of my knowledge." (Doc. 12 at 7). Plaintiff contends he is suing Watkins for "neglect of duty" for not yet acknowledging his complaints against Reyna and Samet. (Doc. 12 at 8). He surmises that "Craig Watkins office would be the one to process this complaint," and confirms that he "only named Craig Watkins because [his] complaint was addressed to [Watkins'] office." (Doc. 12 at 8-9).

Plaintiff states the relief he seeks by this lawsuit is to obtain phone records showing communication ("hidden calls") between Defendants Reyna and Samet on November 2, 2012, before Samet made his report of the incidents underlying Plaintiff's arrest. (Doc. 8 at 4; Doc. 12 at 3, 4). He further requests the Court to

> [p]rotect me from Raul Reyna having access to my legal issues and acknowledge I really was trying to chase my ex wife's truck on 11/02/2012 the night she was reported kidnapped. Get Craig Watkins to acknowledge my complaints.

(Doc. 8 at 4).[1] Finally, Plaintiff seeks to have his court costs (filing fee) taxed against Defendants. (Doc. 12 at 3).

---

[1] The evading arrest charge remains pending awaiting a mental health assessment. *See State v. McBride*, No. F12-19247 (194th Judicial District Court, Dallas County). While Plaintiff was also charged with possession of marijuana and tampering with the evidence, *see State v. McBride*, Nos. F12-19248, M12-19370 (194th Judicial District Court, Dallas County), he states those charges were subsequently dismissed. (Doc. 12 at 1).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's action is frivolous.

Plaintiff has failed to allege a civil rights violation by any Defendant. Apart from general assertions of "[a]buse of official capacity[,] official oppression, [and] hindering prosecution" (Doc. 12 at 4, 5), Plaintiff does not state that Reyna and Samet violated any specific constitutional right. Indeed, he makes clear he is suing here only to obtain mandamus relief – to compel the production of telephone records and the acknowledgement of his complaints against Reyna and Samet. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997). However, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Moreover, even assuming the assertion of a civil rights violation, Plaintiff has not alleged any direct involvement by Valdez or Watkins. Indeed, he acknowledges that he brings this action against Watkins and Valdez only on the basis the

position/office of each. But supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED May 28, 2013.

```
                          _____
                          RENEE HARRIS TOLIVER
                          UNITED STATES MAGISTRATE JUDGE
```

---

[2] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE